James E. MILLER, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 7927.

United States Court of Appeals
Tenth Circuit.

June 2, 1965.

**302**

James L. Cunningham, Denver, Colo., for appellant.

William M. Ferguson, Atty. Gen. of Kansas, and Richard H. Seaton, Asst. Atty. Gen. of Kansas, for appellee.

Before PICKETT and LEWIS, Circuit Judges, and DAUGHERTY, District Judge.

DAUGHERTY, District Judge.

This is an appeal for review of the action taken by the United States District Court for the District of Kansas upon a petition for a writ of habeas corpus filed by a state prisoner in the Kansas State Penitentiary. The petitioner, the appellant herein, was charged by an information filed by the Acting County Attorney in and for Franklin County, Kansas, with two counts of forgery and two counts of passing forged instruments.[1] He entered a plea of guilty to counts 1 and 3 and sentence was imposed by the District Court of Franklin County, Kansas. The same information by which the appellant herein was charged also charged two co-defendants with committing the four offenses involved. The appellant appeared before the State District Court for arraignment, and having no counsel he was appointed counsel pursuant to the requirements of

---

1. State of Kansas v. James E. Miller, Case No. 3215, Franklin County, Kansas, filed July 19, 1963, charging violations of Kansas G.S. 21–608 and 21–609.

a Kansas statute.[2] The transcript of the arraignment proceedings, which is before the Court, indicates that the matter of the arraignment was adjourned or continued to permit the appellant and his court-appointed counsel to confer fully about the matter at hand. After this conference was had, the petitioner appeared again before the trial court with his counsel, and counsel announced that the petitioner would waive the formal reading of the indictment and further announced that the petitioner desired to enter a plea of guilty as to counts 1 and 3 of the information. These are the two counts that involve forgery.[3] The Court then inquired of the appellant if it was his personal desire to enter a plea of guilty to forging the two instruments involved. The appellant affirmed that it was in fact his desire to so enter such a plea. The other two counts which involved the passing of forged instruments were dismissed by the State. Upon these pleas of guilty, and immediately following the acceptance of the plea of guilty by the State Court Judge, the defendant was sentenced on each count to a term under the applicable Kansas indeterminate sentence law,[4] the sentences to run concurrently.

Thereafter, in December of 1963, the appellant petitioned the State District Court of Leavenworth, Kansas, for a writ of habeas corpus. In his application the appellant contended he was being illegally and unlawfully restrained for the reasons as set out in his numbered contentions: First, that no public offense had in fact been committed or in law could this offense have been committed and charged to him for the reason that he was in fact illiterate and being unable to read and write was, therefore, incapable of being guilty of the crime of forgery; Secondly, that the prosecutor of Franklin County, Kansas, had been guilty of malfeasance by the fact of his filing an information charging forgery against him under the above circumstances. In

the latter part of this pro se application for a writ in the State Court the appellant pointed out that he had informed the trial judge that he could not read nor write and knowing the same the judge did not advise him of the nature of the charge against him and as to the possible punishment or sentence he could receive, or to his right to a trial by jury. The application for a writ of habeas corpus in the State Court did not set forth any factual allegations to substantiate the claimed wrongs alleged to have been done the petitioner, but the petitioner relied upon the certified transcript of his arraignment proceeding that was attached to his application as an exhibit. The petitioner requested no counsel in this State habeas corpus proceeding and none was appointed. On December 12, 1963, the appellant's petition to the State District Court was denied without a hearing, the State District Court stating that after considering the petition as filed it was found that the petitioner had not made a prima facie showing as to the illegality of his restraint. By this language we must assume that the State District Court Judge considered each and every material allegation contained in the application for a writ and found that none on their face and as supported by the record were of merit in law or in fact.

The State District Court in this habeas corpus proceeding determined by its order that the judgment entered by the trial court in Franklin County was not susceptible to collateral attack by the allegations made by the petitioner in his application. This interpretation so far as it deals with state law and state procedures is conclusive upon the Federal Courts unless a showing is made that the petitioner was denied any primary rights safeguarded by the United States Constitution in the state court proceedings. In regard to such federal questions, of course, a finding by the State Court is not conclusive

---

2. Kansas G.S. 1961, Supp. 62–1304; or Laws of Kansas, 1963, Ch. 305, Sec. 1.

3. Kansas G.S. 21–608.

4. Kansas G.S. 21–631.

and binding upon the Federal Courts. However, the writ of habeas corpus cannot be used as a substitute for an appeal and alleged errors in a state court proceeding in exercise of jurisdiction over a case properly before it cannot be reviewed by federal habeas corpus unless there has been a deprivation of constitutional rights such as to render a judgment void or to amount to a denial of due process. Bizup v. Tinsley, D.C., 316 F.2d 284; Gay v. Graham, 10 Cir., 269 F.2d 482; Smith v. Hand, 10 Cir., 305 F.2d 373, cert. denied 371 U.S. 870, 83 S.Ct. 135, 9 L.Ed.2d 107.

No appeal of this denial of the application for a writ of habeas corpus by the State Court was prosecuted by the appellant herein to the appellate courts of the State of Kansas.

It is noted that in his initial application for a writ to the State Court, the petitioner—appellant herein—alleges as the gravamen of his complaint that because of the singular fact that he was and is to some degree illiterate, that fact standing alone makes it impossible under the law for him to commit and be guilty of the crime of forgery, that is to say, a violation of Kansas G.S. 21–608. The appellant in that pleading to the State Court in no way attempted to point out his innocence or that he was perhaps only an innocent accompanying party to the real culprit in this crime. Nor, does he attempt to point out that he was not in fact really aware of the nature of the charge against him or of the possible punishment that could be inflicted upon him as a result of a plea of guilty. Nor, does the petitioner attempt to assert that his counsel did not adequately represent him nor properly advise him of the nature of the charges and his predicament as he stood before the State Court. From his own statement the petitioner points out "at best he could have only been charged with aiding and abetting the commission of a felony", thereby indicating his awareness of the fact that under Kansas law, one need not be guilty only as a principal before being criminally responsible for his involvement in an illegal act.[5]

After receiving no relief on his application to the State District Court and while still in the custody of the State of Kansas the appellant filed, on a printed form provided for such purpose, a petition for a writ of habeas corpus in the Federal Court below with a hand-written brief attached in support thereof and an application to proceed in forma pauperis. An order was entered by the Court below on January 28, 1964, denying the application of the petitioner to prosecute his action in forma pauperis. On March 19, 1964, the appellant filed a pro se pleading styled "Motion for a Rehearing" directed to the Court and requesting reconsideration of the application to proceed in forma pauperis. In response to this motion, the District Court entered its order of March 19, 1964, from which this appeal is taken. The Court, though faced with a motion regarding the prosecution of the action in forma pauperis, chose apparently to treat the appellant's petition for a writ on the merits, or so we have considered his order, and, therefore, we treat this appeal as one from the denial of the petition on the merits without a hearing. The petitioner in stating the grounds on which he based his allegation that he was being held in State custody unlawfully, stated (1) that he had received no relief with reference to his restraint in his previously filed State habeas corpus proceeding; (2) that no public offense was committed in fact or in law for the reason that it is mandatory that one so accused and convicted of forgery be able to read and write, and, thus, therefore, no public offense was in fact involved in the charge against him and he was incapable of committing the act or being guilty of the crime of forgery; (3) that the state prosecutor was guilty of malfeasance in proceeding against him by information for such public offense under the circumstances of his

5. Kansas G.S. 62–1016.

being in fact unable to read and write; and (4) in his pro se brief in support of the petition, he alleges or complains that he was not advised by the State trial court of the nature of the charge against him, the punishment therefor, nor of his right to trial by jury. No factual allegations are stated either in the petition nor the brief attached thereto in support of any of the foregoing contentions made by the appellant. The petitioner apparently again relied solely upon the certified transcript of the arraignment proceeding had before the State trial court, a copy of which was attached to his federal court habeas corpus petition as an exhibit.

 The Court below denied the petition for writ without a hearing, and rightly so, we find. The contentions enumerated, (1), (2) and (3) above, as set out in the appellant's petition in this case, deal with matters that are confined to the purview of the State courts. As stated earlier, the gravamen of the appellant's complaints herein and in the State court has to do with his illiteracy as it relates to his ability to commit the crime charged and to be found in fact and in law guilty thereof. It goes almost without saying that it is not a legal prerequisite to be literate in order to be guilty of a violation of the law. As the appellant himself pointed out in his State court petition, and was apparently manifestly aware, one can be guilty as a principal for violation of a felony when in law and in fact he aids and abets the commission of a crime. The transcript herein of the arraignment proceeding makes it to this Court manifestly clear that the appellant was admitting to the State District Judge his guilt of the crime charged by reason of his involvement in the crime charged apparently with, though the record does not reflect this, one or more of his co-defendants who were also charged in the information filed in Franklin County, Kansas. But these matters as to the ability or inability, as the case may be, of one possessed with certain attributes, or the lack thereof, to commit in fact or in law a state crime, are matters that are strictly within the purview of the courts of the State of Kansas. The State District Court to which application for relief was initially made has, in effect, found no merit to the appellant's contentions and allegations. We find no manifest injustice that would amount to a denial of the appellant's constitutional rights so as to justify our interference with the decision reached therein.

As to the unsupported bare allegations of the appellant that he was not advised by the State court judge of the nature of the charges against him or the punishment therefor, and his right to trial by a jury, we note that the Court below did not treat these allegations specifically. We can only assume that they were considered by the federal court below to be of no merit, that is to say, to raise no issue of federal cognizance such as would require a hearing thereon in view of the entire record as it stood before the federal District Court.

Viewed in the light of the certified transcript of the arraignment proceeding, we agree that these allegations raised no such issue as would require an evidentiary hearing.

 The appellant's court-appointed counsel in his argument and brief raises before this Court two basic propositions: First, that the appellant was denied due process of law as provided in the Fourteenth Amendment of the United States Constitution in the State trial court by reason of the failure of the Court to insure that the appellant understood the nature of and possible sentence involved in the offense charged and; Secondly, was denied due process of law by the lack of effective assistance of counsel in the State Court proceeding. Thus confining our present inquiry to these propositions we state initially that the proposition regarding lack of effective assistance of counsel was not presented either to the State court nor the Court below and, therefore, will not be considered by this Court initially on appeal. Way v. United States, 10 Cir., 276 F.2d 912; Richardson v. United States,

10 Cir., 199 F.2d 333. As to the proposition regarding failure of the trial court to insure that the appellant understood the nature of the charges and the punishment involved, the record before us refutes that argument. The appellant was furnished counsel and conferred with him prior to any action being further taken in the case. Counsel stated into the record that he discussed the matter fully with the appellant. The record does show that the appellant advised the Court of his illiteracy, and, upon further questioning by the Court, counsel then advised the Court that he had discussed the matter fully with the appellant. The reading of the indictment was waived in open court. Thus, the formal announcement of the charges and possible sentence was foregone by the appellant with the assistance of counsel. It is, of course, a fundamental basic right that an accused be advised of the nature of the charges against him and the consequences of a plea of guilty. Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859. This is implicit in a knowing entry of a plea of guilty. It is not, however, mandatory that the judge ritualistically and personally advise the accused of these matters. It is sufficient that the accused be in fact aware of such regardless of the source from where the information comes. The court, of course, has a duty to satisfy itself that the accused is aware of the nature of the charges and the consequences of a plea of guilty, but no specific formula need be followed. We can think of no better way, aside from the trial court performing the function itself, of sufficiently putting an accused on real notice of these matters than through his own lawyer. Such was the case here, as the record reflects. It is noted that the appellant in his pleadings below and in State court has never alleged he in fact had no real notice of the nature of the charges against him nor that he was prejudiced in any way by the failure of the trial judge to inquire into the matter. Whether there has been a denial of due process must be adjudged from the facts as they exist in each particular case and from a totality of such facts. Brock v. Hudspeth, 10 Cir., 111 F.2d 447. It will not avail the appellant to raise the issue now that the judge should have personally insured that the appellant was properly advised by his attorney of the nature of the charges. To be sure, the appellant herein would have nothing to even urge in this regard had a more precise and affirmative statement appeared in the record as to the appellant being fully advised in the matter. But, as Judge Learned Hand said in the case of United States v. Paglia, 2 Cir., 190 F.2d 445, "Justice is not a game; there is no constitutional right to 'throw dust in a juryman's eyes nor hoodwink a judge who is not overwise.' "

█ Appellant's counsel before this Court argues that although the appellant did not precisely articulate constitutional issues in his petition for a writ in the court below, the petition contained sufficient facts to raise constitutional issues and, therefore, for such reason an evidentiary hearing should have been held. To say that constitutional issues were not "precisely articulated" is to be more than charitable in one's choice of words. The pro se allegations of a layman untrained in the skill of drawing proper pleadings and allegations are to be given certainly a liberal interpretation and treatment. However, substance cannot be provided where none exists and factual support for inferences from allegations made cannot be applied where none have even been intimated and particularly where such inferences are refuted by the record before the court. As pointed out herein, the appellant made bare allegations unsupported by factual allegations covering his not being advised by the trial court of his rights; no allegation was made that the appellant did not in fact understand the charges and the punishment; no allegation is made that the appellant was in any way prejudiced; and, finally, the record sufficiently shows that the appellant was advised by counsel of these matters and that no manifest injustice was done.

The matter of counsel's inability to prepare and advise appellant was never raised below and there was no such showing in the allegations below.

In accordance with the admonition of the United States Supreme Court in Townsend v. Sain, 372 U.S. 293, at page 316, 83 S.Ct. 745, 9 L.Ed.2d 770, we have carefully scrutinized the entire record in a search for denial of fundamental liberties or due process and have reached the same conclusion as reached by the State Court and the District Court below. The act of the sentencing court is presumed to be valid and if by any reasonable construction of the arraignment proceeding the validity of the judgment can be sustained, we should uphold said proceedings. Kreuter v. United States, 10 Cir., 201 F.2d 33; Ex parte Cuddy, 131 U.S. 280, 9 S.Ct. 703, 33 L.Ed. 154. The burden in a habeas corpus proceeding is upon the petitioner to allege primary facts and not inferences that show, notwithstanding the strong presumption of constitutional regularity in judicial proceedings, that in his particular prosecution the State so departed from constitutional requirements as to justify federal court intervention to protect his rights. This principle, of course, must be construed and applied so as to protect and preserve and not destroy constitutional safeguards. A judge of the United States courts to whom a petition for habeas corpus is addressed should always be alert to examine the allegations carefully and examine the facts for himself when, if true, as alleged they make the State Court proceeding void due to a constitutional defect. However, a judgment cannot be lightly set aside by collateral attack even on habeas corpus. When collaterally attacked a judgment still carries with it a presumption of regularity. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Ex parte Cuddy, supra.

We hold herein, after an examination and evaluation of the entire record that the totality of facts do not show that the petitioner has shown that he was denied his rights by the United States Constitution and accordingly we hold the petition for a writ of habeas corpus was properly denied and dismissed without an evidentiary hearing. In thus so holding we do not reach the issues of the Motion to Dismiss filed herein by appellee.

Affirmed.