George WILLIAMS, Appellant,

v.

Harold A. COX, Warden, New Mexico State Penitentiary, Appellee.

No. 8113.

United States Court of Appeals Tenth Circuit.

Sept. 13, 1965.

Brooke Wunnicke, Cheyenne, Wyo., for appellant (Williams, Wunnicke & Fennell, Cheyenne, Wyo., on the brief).

L. D. Harris, Sp. Asst. Atty. Gen., for appellee (Boston E. Witt, Atty. Gen. of New Mexico, on the brief).

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

This appeal is from the denial of the appellant's petition for habeas corpus by the United States District Court for the District of New Mexico. The appellant is serving a sentence of not less than one nor more than twenty years at hard labor in the New Mexico State Penitentiary on his plea of guilty to an information charging him with sodomy.

The record shows the facts to be as follows: On May 13, 1957, the appellant was brought before the New Mexico District Court on an information charging him with three counts of sodomy. The assistant district attorney stated to appellant that he had been charged with three counts of sodomy and that each charge was a penitentiary offense. He then asked him if he understood the charge. The appellant replied that he did. The judge then asked him how he was going to plead and he entered a plea of not guilty. The court thereupon appointed counsel to represent appellant. Although counsel conferred with appellant only a short time, he was also representing him in another matter before the court, a rape charge, and was therefore familiar with his background and intelligence.

Appellant testified in the lower court that counsel told appellant he thought he could "get out pretty light" and gave him a document to sign. Apparently this document constituted a plea of guilty. Appellant testified that it was not read to the appellant nor were its contents explained to him, but he signed with an "X" on the line designated to him.

Following the recess during which counsel conferred with appellant appellant's counsel informed the court that the appellant wished to withdraw his plea of not guilty and enter a plea of guilty to count one of the information. The assistant district attorney then moved to dismiss the remaining two counts of the information and the rape charge. Counsel then addressed the court:

"If it please the Court, before sentencing him, I have talked with this defendant on several occasions in connection with the charge which has now been dismissed, and learned from the defendant that back in the 'thirties he's had infractions of the law. I have learned that he has been a patient, with parole, of the Texas State Mental Hospital on two occasions. I have learned that he has been in the mental institution in Las Vegas where he remained for a short

time. However, the defendant at this time unquestionably understands these charges. His rights have been fully explained to him, his constitutional rights, his rights of defense, and he has expressed a desire to enter this plea, in which his counsel is in agreement with."

The court thereupon sentenced the appellant.

The sole question raised by appellant below and in this appeal is whether he was accorded his constitutional right to assistance of counsel. Appellant's brief specifically states that no contention is raised herein as to competency of appointed counsel or that he in any way failed to perform his duties. The right to counsel, as guaranteed by the United States Constitution, means that such assistance is to be effective, as distinguished from bad faith, sham, mere pretense, or lack of opportunity for conference and preparation. Nutt v. United States, 335 F.2d 817 (10th Cir.). See also, Lovato v. Cox, 344 F.2d 916 (10th Cir.); Leino v. United States, 338 F.2d 154 (10th Cir.); Johnson v. United States, 333 F.2d 371 (10th Cir.); Hester v. United States, 303 F.2d 47 (10th Cir.); Merritt v. Hunter, 170 F.2d 739 (10th Cir.). Although counsel conferred with appellant only briefly in the instant case, the record shows he was acquainted with him because of the previous appointment, and there is no indication that his representation of appellant in the case at bar was ineffective because of the brevity of consultation. No particular ritual is required in advising a criminal defendant of his fundamental rights. Lovato v. Cox, supra. Where, as in this case, the defendant appears in open court with his attorney who is competent to represent him and does so under circumstances fairly denoting that the attorney speaks for the defendant, who comprehends what is being done and its significance, and who acquiesces in counsel's statement that the defendant understands the charges brought against him and has been fully advised of his constitutional rights and enters a plea of guilty, such plea is valid. Barber v. United States, 227 F.2d 431 (10th Cir.); Merritt v. Hunter, 170 F.2d 739 (10th Cir.); United States v. Bentvena, 193 F.Supp. 485 (S.D.N.Y.)

Under the circumstances of this case, the judgment of the lower court should be and is affirmed.