Albert G. ANAYA, Appellant,

v.

Felix RODRIGUEZ, Acting Warden, New Mexico State Penitentiary, Appellee.

No. 9066.

United States Court of Appeals
Tenth Circuit.

Feb. 13, 1967.

Thomas A. Donnelly, Santa Fe, N. M., for appellant.

L. D. Harris, Special Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen., Santa Fe, N. M., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and BROWN, District Judge.

PER CURIAM.

Appellant who is a prisoner at the New Mexico State Penitentiary filed a petition with the United States District

Court for a writ of habeas corpus which was denied, and this appeal was taken.

The principal issue raised by the petition and presented on this appeal relates to the plea entered by his attorney for the petitioner in his presence at arraignment before the state district court.

Appellant was charged by the State of New Mexico by indictment in two counts, one for assault with intent to commit robbery, and the other for kidnapping. The state court appointed counsel for the appellant, and this attorney undertook the representation of appellant. Thereafter an information was filed against the appellant, charging him only with assault with intent to commit robbery. The United States District Court found that appellant's counsel in the state court succeeded in arranging for the dismissal of the indictment charging both assault with intent to commit robbery and kidnapping if the appellant would enter a plea of guilty to an information charging assault with intent to commit robbery.

The record shows that appellant appeared before the state district court, and a plea of guilty to the *information* was entered and sentence was thereafter imposed ordering confinement for not less than two nor more than ten years. The term was to run concurrently with imprisonment for parole violation.

The record shows that during the arraignment before the state district court, after appellant identified himself his attorney responded to the question of the court, and stated: "We plead guilty." The appellant by his petition, and on this appeal, urges that he did not authorize the plea of guilty, and that he did not understand the proceedings before the state court when the plea was entered. He urges that he was deprived of due process of law because he did not enter the plea himself, and for the reason that the state court did not inquire of the appellant directly or of his counsel as to whether the plea was made voluntarily. The record shows that the state court made no inquiry of the appellant nor of his attorney concerning the plea that was

then entered, nor was any such inquiry made at a subsequent date when sentence was passed on the appellant by a different judge. Thus in essence, the appellant at the time of the arraignment appeared with his attorney, identified himself, and the attorney thereupon entered the plea as above described.

An evidentiary hearing was had in the United States District Court at which the petitioner testified and other evidence was received, including answers to interrogatories propounded to the counsel who represented appellant in the original state proceeding, and an affidavit of this attorney. The United States District Court concluded from the evidence that the plea was made with the knowledge, consent, and understanding of the appellant and that: "He knew he was going into court to plead guilty to a lesser charge and he had opportunity to object both there and at the time of sentencing and did not do so." The court further noted there was a discrepancy between the testimony of petitioner and the affidavit of the attorney who represented him at the trial. The court stated that it resolved these differences against the petitioner, found the plea to have been voluntarily and knowingly made as above indicated, and dismissed his petition.

The answers made by the attorney appointed to represent petitioner in the trial court and in his affidavit show that the attorney had several conferences with the appellant, with his family, and with the district attorney. These show that appellant was advised by his attorney as to the charges and the procedure contemplated. There is adequate evidence in the record to support the finding of the district court as to the plea being knowingly and voluntarily entered for and on behalf of the appellant. The United States District Court's further finding that the arrangement to dismiss the first indictment containing the counts of kidnapping and assault, and the filing of an information for assault only, was likewise done with the knowledge, consent, and understanding of the appellant,

is supported by substantial evidence. It is abundantly clear that the appellant acquiesced in the plea and the proceedings. There was conflicting evidence on the issues presented to the district court, and it resolved the conflicts against the appellant.

As was stated in Lattin v. Cox, 355 F.2d 397 (10th Cir.): "The proper question to decide is whether in light of all the facts including the advice of competent counsel the plea was made voluntarily." There is, of course, no particular ritual required in connection with arraignments nor in the advice to defendants such as this so long as his constitutional rights are protected during the course of the proceedings. Lovato v. Cox, 344 F.2d 916 (10th Cir.); Miller v. Crouse, 346 F.2d 301 (10th Cir.); Williams v. Cox, 350 F.2d 847 (10th Cir.). In Williams v. Cox, supra, the attorney for the defendant entered a plea of guilty for the defendant, but also then told the court that the defendant had been advised of his rights and understood the charges filed against him. In the case at bar, there was no such contemporaneous additional statement by counsel as to his advice to the accused. However, the answers of the attorney to the interrogatories and his affidavit in these proceedings demonstrate that the appellant was properly and fully advised. This is adequate. As we said in Miller v. Crouse, supra: "We can think of no better way, aside from the trial court performing the function itself, of sufficiently putting an accused on real notice of these matters than through his own lawyer." In considering a case where problems of this nature are raised, cases involving issues surrounding the waiver of counsel are in quite a different category and are not persuasive.

The appellant further urges that the proceeding before the state court did not conform to the New Mexico Criminal Code in that the statute requires that a guilty plea must be "accepted and recorded in open court." There appears to be no New Mexico decision construing in detail this particular provision of the statute (N.M.Stat.Ann. § 40A–1–11), but in any event this issue does not raise a constitutional question.

We have considered the entire record and also find no denial of due process of law to the appellant by the totality of the circumstances. Miller v. Crouse, supra; Silva v. Cox, 351 F.2d 61 (10th Cir.).

Affirmed.