**Fred Duane TUGGLE, Petitioner,**

v.

**The STATE OF OKLAHOMA and Ray H. Page, Warden, Oklahoma State Penitentiary, Respondents.**

**Civ. No. 67–91.**

United States District Court
E. D. Oklahoma.

Nov. 2, 1967.

Clyde Stipe, McAlester, Okl., for petitioner.

G. T. Blankenship, Atty. Gen., Oklahoma City, Okl., for respondents.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

The Petitioner, a state prisoner now serving two concurrent life sentences for murder assessed by the Oklahoma State District Court of Cherokee County, Oklahoma, on pleas of guilty, seeks his release on habeas corpus claiming that he is being held in violation of certain constitutional rights. At the time of his pleas of guilty he was represented by two capable attorneys who were privately retained and had represented the Petitioner in the two cases for over six months prior to the Petitioner's pleas of guilty.

In his petition herein, the Petitioner asserts that (1) he was arrested without a warrant or probable cause, (2) he made a signed confession of guilt to the two murders without being advised of his rights, (3) said confession was obtained by coercion and duress and without his being advised it could be used against him, (4) he was not taken before a magistrate for four days after his arrest, (5) he was denied a speedy trial since his pleas of guilty were made 203 days after his arrest, (6) he was wrongfully confined in the Oklahoma State Penitentiary at McAlester, Oklahoma, for safekeeping after his arrest, (7) the state District Judge failed to advise him of the nature of the two charges against him before he entered his pleas of guilty, (8) the state District Judge failed to advise him of the consequences of his pleas of guilty, (9) he was not allowed to address the Court at the time of his pleas of guilty, (10) he was not advised of his right of appeal, and (11) his two pleas of guilty were not voluntarily and intelligently entered.

The Court has examined the Petition for Writ of Habeas Corpus filed by the Petitioner in the Oklahoma Court of Criminal Appeals and the opinion thereon filed by said Court. Tuggle v. Page, 427 P.2d 439 (1967). All claims asserted in this Court as set out above were asserted by the Petitioner in his state court Petition for Writ of Habeas Corpus. The Court of Criminal Appeals of Oklahoma did not treat with any of these claims in its opinion but the Court finds nonetheless that state remedies have been exhausted herein. The failure or refusal of the state court to treat with claims presented to it and rule on the same in disposing of the state proceeding amounts to an exhaustion of state remedies. It further appears that the Court of Criminal Appeals of Oklahoma conducted some sort of an evidentiary hearing with the Petitioner present but the testimony adduced apparently was not preserved or transcribed or if so a copy thereof has not been furnished to this Court. In these circumstances, as stated in the Order entered herein on August 2, 1967, an evidentiary hearing is necessary and has been conducted. The Court appointed counsel for the Petitioner who interviewed the Petitioner and announced ready for the evidentiary hearing.

The Court will rule on each claim as above numbered.

As to claim (1) it appears that a warrant was issued in each case against the Petitioner on May 22, 1959. The Petitioner testified he was arrested on May 21, 1959, without a warrant. However, one may be arrested in Oklahoma for a felony without a warrant if reasonable cause exists to believe that the person arrested committed the offense. 22 Oklahoma Statutes 196(3). Circumstances shown by the record herein support such required reasonable cause. Moreover, this type of claimed irregularity is waived by a plea of guilty thereafter voluntarily and intelligently entered. This issue will be hereinafter ruled on and will govern this claim. Mahler v. United States, 333 F.2d 472 (Tenth Cir. 1964), cert. denied 379 U.S. 993, 85 S.Ct. 709, 13 L.Ed.2d 613; Barefoot v. State of North Carolina, 259 F.Supp. 1020 (E.D.N.C.1966).

As to claims (2) and (3) an unconstitutional confession is waived by

a subsequent voluntary and intelligent plea of guilty. Moore v. Rodriguez, 376 F.2d 817 (Tenth Cir. 1967). Moreover, the Court finds that no promises, as claimed by the Petitioner,[1] were made for his confession. It is inconceivable that if such promises were made the Petitioner would not have told one of his two attorneys about the same. One of these attorneys testified that he was never so advised by the Petitioner, with whom he did discuss the confession and that his investigation regarding the confession revealed nothing in the way of promises, force or threats which would render the same inadmissible in evidence and subject to a defendant's motion to suppress. No such motion was filed. Not believing this testimony of the Petitioner about his confession being obtained by such promises there is is nothing shown to the Court that such confession was obtained by promises, force or threats. It is true that the Petitioner was not represented by counsel at the time he confessed and may not have been advised of his right to counsel before the confession was made. However, the Petitioner stated in his state Habeas Corpus Petition that he was told before he made and signed the confession that it could be used against him. The rule in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) cited by Petitioner is not retroactive. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882 (1966); 10 A.L.R.3d 1054 at page 1063 (1966). Said rule does not attach to this case. The rule in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 977 (1964), urged by Petitioner to be applicable herein, is not supported by the facts of this case. The Petitioner was demanding to see his attorney and his attorney demanding to see him, with both demands being refused following which a confession was obtained. Moreover, Escobedo is not retroactive. Johnson v. State of New Jersey, supra; 10 L.R.A.3d 1054 at page 1063

(1966). These claims will be governed by the decision on claim (11).

■ With reference to claim (4) the Petitioner asserts that he was arrested on May 21, 1959, and was not taken before a committing magistrate until May 25, 1959, four days after his arrest. The record bears out these facts and indicates that on May 25, 1959, the defendant was produced before the County Judge of Cherokee County, Oklahoma, as a committing magistrate, and that he appeared in person and with his attorneys. The Court minute shows that the complaint was read to the defendant in each case and a copy delivered to him; that the defendant was advised that he was entitled to a preliminary hearing or that he had a right to waive a preliminary hearing; whereupon, an attorney for the defendant requested that he be delivered to the Eastern State Hospital at Vinita, Oklahoma, for mental observation and report and that after the report was received they would advise whether or not they would demand or waive a preliminary hearing. The order for a mental examination was granted in a special proceeding before the District Court. Later preliminary hearing was waived. In these circumstances, the delay involved from arrest to appearance before a magistrate was not unreasonable. Masters v. Eide, 353 F.2d 517 (Eighth Cir. 1965). Moreover, any such defect would be waived by a voluntary and intelligent plea of guilty subsequently entered and this claim is governed by the decision on this issue. United States v. French, 274 F.2d 297 (Seventh Cir. 1960); Barefoot v. State of North Carolina, supra.

■ With reference to the Petitioner's claim (5) that he was denied a speedy trial, the Court finds that the defendant was sentenced on pleas of guilty within the two-term rule required by the State of Oklahoma. 22 Oklahoma Statutes, 812; Hampton v. State of Oklahoma, 267 F.Supp. 667 (W.D.Okl.1967).

---

1. Petitioner testified herein that he was told he would be fed and allowed to make bond if he confessed to the two murders.

Also, the evidence before this Court reveals that the Petitioner did not at any time demand an earlier trial nor did his attorneys, and his cases were set for jury trial at the next jury term of the Court following his arrest. The Petitioner has shown no prejudice by the lapse of time involved. Urquidi v. United States, 371 F.2d 654 (Ninth Cir. 1967). The Court finds no merit in the plaintiff's claim that he was denied a speedy trial in view of the circumstances set out above and the applicable statute and case law.

■■■■ With reference to Petitioner's claim (6) that he was wrongfully confined in the Oklahoma State Penitentiary at McAlester, Oklahoma, for safekeeping after his arrest and until just prior to his arraignment, the Court finds from the evidence herein that this place of confinement was never objected to by the Petitioner or his counsel and his counsel testified that he felt in the circumstances that this place of confinement was for the benefit of and to the advantage of the Petitioner, in that there was considerable community feeling against him and he felt the Petitioner would be much better off if he were removed from the County. One arrested and lawfully held has no right to select his place of confinement. This confinement in the State Penitentiary was ordered by the District Judge after a hearing for that purpose in which no objection was voiced by the Petitioner or his counsel with reference to this place of confinement. Nor was any objection made after removal to the State Penitentiary or during confinement therein. No authority has been presented to the Court which would indicate that such confinement is illegal, unauthorized, or violates any constitutional right of the Petitioner. If objectionable, the Petitioner was represented by counsel at the hearing and during such confinement and could easily have requested different con-

finement, but this was not done and a waiver results. The Court finds this claim to be without merit.

■■■■ With reference to Petitioner's claims (7) and (8) to the effect that the state District Judge failed to advise him of the nature of the charges against him before he entered his pleas of guilty, and failed to advise him of the consequences of his plea of guilty, the Court finds from the evidence herein that while the record is silent as to exactly what the District Judge may have told the Petitioner in this respect, the Petitioner's attorney, who testified in person before the court, stated that he had definitely advised the Petitioner of the nature of the two charges against him and fully advised him of the consequences of his pleas of guilty before he entered his pleas of guilty. In fact, the record discloses that through plea-bargaining it was prearranged between the County Attorney, the Petitioner, the Petitioner's attorneys, the Petitioner's parents and the Petitioner's grandparent, and apparently the District Judge, that the sentences imposed would be two concurrent life sentences upon pleas of guilty. Such plea-bargaining is not an illegal procedure and does not necessarily render a plea involuntary. Lattin v. Cox, 355 F. 2d 397 (Tenth Cir. 1966). No particular ritual is required in advising a criminal defendant of his fundamental rights including advice as to the nature of charges against him and the consequences of a plea of guilty to the same. It is only necessary that such constitutional rights be protected during the course of the proceedings. And this may be accomplished by the criminal defendant's own lawyer.[2] Anaya v. Rodriguez, 372 F.2d 683 (Tenth Cir. 1967); Miller v. Crouse, 346 F.2d 301 (Tenth Cir. 1965); Williams v. Cox, 350 F.2d 847 (Tenth Cir. 1965). The Court therefore finds from the evidence before it, that the Petitioner was fully and adequately advised as to the

---

2. In Miller v. Crouse, supra, the Court said:
   "We can think of no better way, aside from the trial court performing the func-

tion itself, of sufficiently putting an accused on real notice of those matters than through his own lawyer."

nature of the two charges against him and of the consequences of his pleas of guilty before he entered his pleas of guilty.

■ With reference to claim (9) that he was not allowed to address the Court, the record before the Court is that no such request was made by the Petitioner to the Court. The Petitioner's attorney testified that the Petitioner did not request of him at any time that he be permitted to address the Court at the time he entered his pleas of guilty and was sentenced, and that to his knowledge allocution was not denied the Petitioner. The sentences were prearranged, were agreeable to all and the prearrangement was complied with by the Court. No exceptional or aggravating circumstances are present. No constitutional right has been violated and a federal question is not involved. Martin v. United States, 309 F.2d 81 (Tenth Cir. 1962), cert. denied 374 U.S. 834, 836, 83 S.Ct. 1881, 10 L.Ed.2d 1056; Application of Rodriguez, 226 F.Supp. 799 (D.N.J.1964); United States v. Gilligan, 256 F.Supp. 244 (S.D. N.Y.1966). This claim lacks merit.

■ With reference to claim (10) that he was not advised by the Court of his right of appeal, the record shows that the Petitioner entered pleas of guilty to the two murder charges against him and was represented at the time by two very able criminal attorneys who were privately retained. In view of the plea-bargaining agreement heretofore mentioned it could be said there was nothing for the Petitioner to appeal from. In any event, he entered pleas of guilty when represented by capable attorneys who were privately retained, and there is no requirement on the Court in these circumstances that he be advised by the Court of his right of appeal and the necessary procedures pertaining thereto. United States ex rel. Bjornsen v. LaVallee, 364 F.2d 489 (Second Cir. 1966), cert. denied 386 U.S. 998, 87 S.Ct. 1313, 18 L.Ed.2d 351. There is no merit to this claim.

■ With reference to Petitioner's claim (11) that his two pleas of guilty were not voluntarily and intelligently entered, the Court finds this claim to be without merit in view of the state court records and testimony before the Court. The Petitioner was brought before a committing magistrate within a reasonable time under the circumstances. He requested and was granted mental observation at a state mental institution. Preliminary hearing was waived. Without objection and in the belief by his attorney that such was in the best interests of the Petitioner he was placed for safe-keeping in the Oklahoma State Penitentiary. He was interviewed there by his attorney, at which time the case was discussed, including his confession. Before the next jury docket in the County he was brought before the District Judge for arraignment and the cases would have been presented at the jury term to follow. No demand for an earlier trial was made. Petitioner was convicted within the two-term rule in Oklahoma. The evidence indicates that the Petitioner's parents and a grand-parent wanted him to plead guilty, his attorneys recommended that he plead guilty, and the Petitioner agreed to and did plead guilty; that by plea-bargaining his sentences were to be two concurrent life sentences, which were the sentences imposed by the Court. The Court has carefully considered all the details of the Petitioner's arrest and detention, his signed confession of guilt and the circumstances attendant to the same, his representation by able privately retained counsel and all the circumstances connected with his appearances before the Courts and his pleas of guilty and finds that such pleas were freely, voluntarily and intelligently entered by the Petitioner with advice of counsel and concurred in by his relatives and without any force, threats, promises or coercion being present. If there was any promise, it was a promise of two concurrent life sentences, which promise was fulfilled. Therefore, from an inquiry into the totality of the circumstances the Court finds that the Petitioner's pleas of guilty were voluntarily and intelligently entered. Baez v. Rodriguez, 381 F.2d 35 (Tenth Cir. July 24, 1967);

Lattin v. Cox, supra; United States v. French, supra.

At the close of the evidentiary hearing the Court discussed in general the several claims involved in the case and advised the attorneys that they could submit briefs on any of the claims if they desired. The Court did not order briefs to be submitted. Thereafter, the Petitioner personally by letter advised the Court that he would like to file a brief on the basis that his court-appointed attorney did not intend to file one. The Respondents have filed no brief. The Petitioner did file a brief herein on September 12, 1967, which the Court has considered.

With reference to said brief filed by the Petitioner, it may be gathered therefrom that the Petitioner is complaining of the manner in which his court-appointed attorney handled this habeas corpus proceeding on his behalf. Witnesses and a summary of their expected testimony are set out in the brief with the statement that the Petitioner furnished this list of witnesses and their expected testimony to his attorney prior to the evidentiary hearing herein but that his attorney did not subpoena any of the witnesses. One of the witnesses, however, J. Fred Green, did appear and testify in person.

The Court has examined the list of witnesses and their expected testimony. Most of this expected testimony is in the record herein either by exhibits introduced in evidence or by undisputed testimony in the case and has been considered by the Court. The balance is immaterial as shown by the foregoing findings and conclusions of the Court.

The Court feels that the Petitioner's case has been fully presented and that his court-appointed counsel afforded the Petitioner effective legal representation. His decision as to what witness to use or not to use appears to have been sound and in the proper exercise of his judgment. The Petitioner made no objection at the trial and did not request additional witnesses or time to obtain additional witnesses. See Grant v. State of Oklahoma, et al., 382 F.2d 270 (Tenth Cir. 1967).

Having treated with each of the 11 claims of the Petitioner and finding no merit in any of them, the Court finds that the Petitioner is being held by the State of Oklahoma with none of his Constitutional rights having been violated in the process of his convictions and sentences. The Petitioner's Petition for Writ of Habeas Corpus should be denied. Counsel for Respondents will prepare a judgment conforming to this Memorandum Opinion and present the same to the Court for entry herein.