Robert Joe **ROBINS**, Petitioner-Appellant,

v.

**UNITED STATES of America,** Respondent-Appellee.

No. 16540.

United States Court of Appeals Seventh Circuit.

Oct. 9, 1968.

Robert Joe Robins, Ronald J. Clark, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., John B. Simon, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before CASTLE, Chief Judge, MAJOR, Senior Circuit Judge, and SCHNACKENBERG *, Circuit Judge.

CASTLE, Chief Judge.

Petitioner filed a motion in the District Court under 28 U.S.C. § 2255, to vacate his 1960 sentence upon a conviction for transporting a kidnapped person in interstate commerce, in violation of 18 U.S.C. § 1201. Upon petitioner's plea of guilty, he had been sentenced to serve fifteen years in the federal penitentiary. In the District Court petitioner claimed that, in violation of Rule 32(a), Federal Rules of Criminal Procedure, he was denied the right to allocution—was given no opportunity to personally speak in his own behalf—at the critical sentencing stage of the proceeding. He was represented by counsel at sentencing; but he now claims that since his guilty plea left the sentencing stage as his only opportunity to speak in his own behalf, the alleged denial of his right to allocution prejudiced his case, as reflected in the much shorter sentence given to his co-defendant. Petitioner now appeals from the dismissal of his § 2255 motion to vacate sentence.

The record reveals that at the sentencing proceeding the Court asked, "What do the defendants want to say for themselves?" Despite petitioner's contention to the contrary, the record compels the finding that petitioner was given and in fact took advantage of his right to allocution. During the sentencing stage of the proceeding against petitioner and his co-defendant, petitioner voluntarily interjected statements into the dialogue taking place between the Court and petitioner's counsel; and there is no indication that there was any conduct by the Court pro-

hibiting or even discouraging further speech by petitioner at any point in the proceeding, if he had chosen to exercise this option. There was, therefore, no denial of allocution or aggravating circumstances which would require reversal. See Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), and Jakalski v. United States, 303 F.2d 661 (7th Cir. 1962).

In light of these facts as they appear from the record, the decision dismissing the motion to vacate sentence was correct. We have considered the other arguments advanced by petitioner in his brief—to the effect that his motion was improperly treated as being brought under 28 U.S.C. § 2255, and that the trial court failed to sentence him to the custody of the Attorney General pursuant to 18 U.S.C. § 4082 (a)—and find them to be without merit. The judgment below is therefore affirmed.

The Court expresses its appreciation to Attorney Ronald J. Clark, a member of the Chicago, Illinois bar, for his services on appeal as court-appointed counsel for the defendant.

Affirmed.

---

* While Judge Schnackenberg participated in the hearing of oral arguments and a conference of the division judges above-

named, he died prior to the adoption of the opinion. He concurred in the result reached in this opinion.