**Freddie Lee GRANT, alias Freddie Lee King, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 9694.

Missouri Court of Appeals, Springfield District.

Nov. 14, 1974.

**70**

Harry H. Bock, New Madrid, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Freddie Lee Grant, alias Freddie Lee King, has appealed from the order of the Circuit Court of New Madrid County denying him postconviction relief via Rule 27.26, V.A.M.R., from a 99-year sentence he is presently serving for the crime of forcible rape. We affirm.

Following appellant's 1962 conviction by a jury and sentencing by the court under the Second Offender Act, no appeal was taken. Thereafter, in 1963, appellant filed his *first* motion under Rule 27.26, urging as grounds for relief various violations of his constitutional rights and sentence and judgment having been imposed without affording him allocution. The trial court overruled the motion but on appeal the Supreme Court agreed with appellant's contentions regarding allocution and sentencing while ruling against his claims of con-

stitutional violations. State v. Grant, 380 S.W.2d 799 (Mo.1964).

On remand of the case the trial court granted the appellant allocution and resentenced him to 99 years imprisonment with credit for prison time previously served under the original sentence. Appellant then filed a direct appeal of his conviction, alleging various trial errors. The Supreme Court found no error and affirmed appellant's conviction. State v. Grant, 394 S. W.2d 285 (Mo.1965).

The appellant next filed his *second* motion to vacate, contending that in light of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), he was denied due process of law by reason of the improper procedures utilized in his being identified as the rapist by the victim. The trial court overruled the motion and this action was affirmed by the Supreme Court. Grant v. State, 446 S.W.2d 620 (Mo.1969).

Appellant then sought federal habeas corpus relief, asserting deprivation of his constitutional right to due process by reason of the state's identification procedures, failure to initially grant him proper allocution, and a third ground which was abandoned. Appellant's petition was dismissed. Grant v. Swenson, 313 F.Supp. 1117 (E.D. Mo.1970).

In July of 1971 appellant lodged his *third* motion to vacate judgment and sentence in the circuit court, alleging various new violations of his constitutional rights. The motion further alleged by way of explanation of appellant's failure to include the grounds in his prior motions that evidence in support of the grounds and the grounds themselves were "unavailable" and that he was "unaware of the legal significance of said evidence due to his ignorance of the law." The trial court summarily denied appellant's motion without an evidentiary hearing for the reason that the grounds asserted by the defendant could have been raised in his prior motions.

On appeal the Supreme Court affirmed the judgment overruling appellant's third

motion. Grant v. State, 486 S.W.2d 641 (Mo.1972). The court's opinion, after setting forth the provisions contained in Rule 27.26(c) [Form and Sufficiency of Motion] and 27.26(d) [Successive Motions], at p. 643 states: "In view of these provisions, the trial court's ruling in dismissing the motion was not clearly erroneous. *The grounds of the motion here involved present factual matters within the knowledge of movant at the time of his prior motions and clearly could have been raised in the prior proceedings.*" (our emphasis) The court further observed that the lower court was not obligated to accept appellant's allegation that evidence supporting his alleged grounds was unavailable, "[n]or is the movant's continuing legal education while imprisoned a valid excuse for failing to present the facts which were known at the time of the prior applications."

In this proceeding, appellant's *fourth* motion under Rule 27.26, he alleges a further due process violation at his trial. This latest constitutional infirmity arises, appellant asserts, because one of the four prior felony convictions he admitted by way of impeachment on cross-examination was an unconstitutional conviction by reason of the fact that he was not represented by counsel at the time he entered a plea of guilty. The conviction alluded to occurred in 1953 in a federal district court in a proceeding under the Federal Juvenile Delinquency Act.

In the present motion the appellant makes no attempt to explain his failure to include the now-asserted ground in his three previous motions to vacate. However, at the evidentiary hearing afforded appellant and in apparent recognition of that portion of Rule 27.26(d) casting the burden on him to establish that "any new ground raised in a second motion could not have been raised by him in the prior mo-

tion", the appellant stated he first acquired knowledge of the alleged unconstitutional conviction in August of 1973.

In denying appellant's current motion, the trial judge [the same judge who presided at appellant's trial and ruled the three previous motions to vacate] entered the following order: "[T]his is the Movant's third [sic] motion to vacate . . . under Supreme Court Rule 27.26 . . . and no new matters of any consequences having been submitted, the said motion . . . is hereby overruled."

In his brief the appellant contends he is entitled to proceed under Rule 27.26 because his present ground was "not known" to him at the time he filed his prior motions. What our Supreme Court said in connection with the grounds advanced in appellant's third motion is equally applicable here. The trial court was not required to believe appellant's proffered explanation. Whether or not appellant was represented by counsel at the time of his 1953 conviction necessarily presented facts peculiarly within his knowledge. The rule against successive motions cannot be so readily circumvented by a prisoner's self-serving disclaimer of such knowledge. Appellant was represented by counsel in his three previous motions [he sought federal habeas corpus pro se] and in view of the multifaceted claims of unconstitutionality advanced therein, the failure to raise the present ground at an earlier opportunity forecloses appellant in this proceeding.[1]

The trial court's denial of appellant's *fourth* motion to vacate judgment and sentence was not clearly erroneous and the judgment is affirmed.

HOGAN, C. J., and STONE, TITUS and FLANIGAN, JJ., concur.

---

1. In view of our disposition of this case we need not consider the state's position that assuming invalidity of the 1953 conviction, the evidence thereof at appellant's trial was merely cumulative in view of appellant's three remaining felony convictions which were brought out for impeachment purposes.