**Freddie Lee GRANT, Appellant,**

v.

**Carl WHITE, Warden, Appellee.**

No. 77–1948.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1978.

Decided July 6, 1978.

Adian L. Steel, Jr., Coburn, Croft, Shepherd, Herzog & Putzell, St. Louis, Mo., argued and filed briefs for appellant.

J. Michael Davis, Asst. Atty. Gen., Jefferson City, Mo., argued, John D. Ashcroft, Atty. Gen., and Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, Mo., on brief, for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, LAY, Circuit Judge and MacLAUGHLIN,* District Judge.

PER CURIAM.

In 1962 Freddie Lee Grant was convicted of rape after a jury trial in New Madrid County, Missouri. Pursuant to Missouri's Habitual Criminal Act, Mo.Rev.Stat. § 556.-280, he was sentenced to 99 years imprisonment. Due to errors in the sentencing procedure, the Missouri Supreme Court vacated the sentence. *State v. Grant*, 380 S.W.2d 799 (Mo.1964). On remand, Grant was

---

* Harry H. MacLaughlin, United States District Judge, District of Minnesota, sitting by designation.

again sentenced to 99 years imprisonment. His conviction and sentence were affirmed on appeal. *State v. Grant*, 394 S.W.2d 285 (Mo.1965).[1]

Petitioner filed this action in federal district court seeking habeas corpus relief on two grounds. First, he asserted that the admission of an invalid 1953 juvenile adjudication at trial resulted in a denial of due process rendering his conviction invalid. Second, he claimed that use of the juvenile adjudication as a basis for enhanced punishment rendered the sentence imposed invalid.

The district court denied relief without conducting an evidentiary hearing. After reviewing the record, we have concluded that error in the use of the juvenile adjudication for impeachment was harmless, but that petitioner is entitled to be resentenced in the state court.

Petitioner testified in his own defense, denying participation in the offense. His testimony was impeached by reference to two admittedly valid prior felony convictions as well as the juvenile adjudication. No further reference to the juvenile adjudication appears on the record. It is undisputed that petitioner was not represented by counsel in the 1953 juvenile proceedings and that impeachment by reference to the outcome of those proceedings was error. *See Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972). We conclude, however, that the limited use of the invalid adjudication at trial was harmless error. *See Agee v. Wyrick*, 546 F.2d 1324, 1325–26 (8th Cir. 1976); *Subilosky v. Moore*, 443 F.2d 334 (1st Cir.), *cert. denied*, 404 U.S. 958, 92 S.Ct. 328, 30 L.Ed.2d 276 (1971). Strong evidence of guilt was introduced at trial, including direct testimony and identification by the victim of the rape. We therefore affirm the district court's refusal to hold petitioner's conviction invalid.

We disagree with the district court on the sentencing issue, however. Al-though the sentencing judge filed an affidavit in the habeas corpus action which stated that he gave no consideration to Grant's invalid juvenile adjudication in imposing sentence, the transcript of the sentencing proceeding reveals that the state judge considered the juvenile adjudication prior to imposing sentence. We thus conclude that the sentence imposed must be vacated under the rationale of *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), because the record indicates that the invalid adjudication may have influenced the sentencing judge. *See Taylor v. United States*, 472 F.2d 1178 (8th Cir. 1973). We therefore remand the cause to the district court with directions to deny a writ of habeas corpus, on the condition, however, that the State of Missouri resentence petitioner within 90 days of this order. In the event the State fails to resentence petitioner within this time period, the writ of habeas corpus shall issue.

---

**1.** Petitioner has filed a number of other actions seeking post-conviction relief, all of which have been unsuccessful. *See Grant v. Swenson*, 313 F.Supp. 1117 (E.D.Mo.1970); *Grant v. State*, 516 S.W.2d 69 (Mo.App.1974); *Grant v. State*, 486 S.W.2d 641 (Mo.1972); *Grant v. State*, 446 S.W.2d 620 (Mo.1969).