**Cloyd Samuel RICHARDSON, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 60824.

Supreme Court of Missouri, En Banc.

March 13, 1979.

Theodore Guberman, Mary K. Wefelmeyer, Asst. Public Defenders, 22nd Judicial Circuit, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Judge.

Appellant Cloyd Samuel Richardson appealed to the Missouri Court of Appeals, Eastern District, from an order entered in the circuit court of the City of St. Louis dismissing, without an evidentiary hearing, his motion to vacate judgment and sentence pursuant to Rule 27.26, V.A.M.R. Appellant was convicted of murder in the first degree on February 11, 1972, and was sentenced to death. On appeal the conviction was affirmed; however, the sentence was reduced to life imprisonment. See *State v. Richardson*, 515 S.W.2d 557 (Mo. banc 1974). For reversal appellant argues that the trial court erred in dismissing his Rule 27.26 motion without an evidentiary hearing because: (1) he was denied due process of law by the use for impeachment purposes of prior convictions which are void for failure to afford him the right to counsel and (2) the trial court's finding is clearly erroneous in that it is not supported by the record.

The court of appeals affirmed, and on motion of appellant this court ordered transfer. The court of appeals opinion noted that the appellant attacked the validity of only three of the thirteen prior convictions but the 27.26 motion rather clearly alleged appellant contended he had been impeached with thirteen invalid prior convictions. The court of appeals affirmed holding the use of the *three* allegedly invalid prior convictions was harmless error. Believing the difference between three and thirteen prior convictions might be substantial, we ordered transfer. Subsequently, the court of appeals *corrected* its opinion to note "that appellant has attacked the validity of only thirteen (including eleven counts of forgery, grand larceny and illegal use of credit card) of the nineteen prior convictions used for impeachment purposes." Having granted the transfer, we will decide the case and will utilize portions of the court of appeals opinion without the use of quotation marks.

On March 24, 1976, appellant filed a *pro se* motion to vacate his judgment and sentence pursuant to Rule 27.26. Appellant has had appointed counsel in the trial court and on appeal. Appellant alleged as his ground for relief, among others not at issue here, that his due process rights had been violated because he had been impeached by the disclosure of thirteen prior convictions which had been obtained without representation of counsel. Appellant did not raise

this point at trial or on direct appeal and presented it for the first time in the motion to vacate.

The trial court found that appellant's allegations were not the proper subject matter of a post-conviction relief motion, that appellant's allegations were conclusory, and that appellant at the time of his appeal knew of the allegations and either did or could have presented them at that time.

■ The allegation concerning the uncounseled prior convictions was not decided on direct appeal, *State v. Richardson, supra*; they are not merely conclusory, and they can be the subject of post-conviction relief. *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972).

■ Some of the convictions were brought out by defendant's trial counsel, a strategy oftentimes used to blunt the effect of the prior convictions. As such there may have been a deliberate bypass or waiver. Some were brought out on cross-examination to affect the credibility of the defendant. If those brought out on cross-examination were invalid convictions, they should not have been used at all. *Loper v. Beto, supra; Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). They may have been valid although obtained without counsel. *Gerberding v. State*, 433 S.W.2d 820, 823–824 (Mo.1968). Even if the convictions were invalid and the use thereof be erroneous, nevertheless, the error may be harmless. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *State v. Howard*, 540 S.W.2d 86, 87 (Mo. banc 1976); and, in particular, see *Gilday v. Scafati*, 428 F.2d 1027, 1030–1031 (1st Cir. 1970), and *Grant v. White*, 579 F.2d 48, 49 (8th Cir. 1978).

*Loper v. Beto, supra*, was a plurality decision. In *Loper* there had been an evidentiary hearing held by the U.S. District Court and findings made thereon, so the record of the hearing was available to the U.S. Court of Appeals. In that posture, Mr. Justice White, in a concurring opinion, observed that there remained issues unresolved by the Court of Appeals as to whether the challenged prior convictions were legally infirm and, if so, their legal significance. Mr.

Justice White suggested these issues be resolved by the lower court and "if the case is ultimately to turn on whether there was harmless error or not, I would prefer to have the initial judgment of the lower court."

The procedure outlined by Mr. Justice White is called for by our Rule 27.26 in the instant case. An appellate court ought not to proceed further without an evidentiary hearing in the trial court with findings entered as to contested facts and issues. That is what was ordered in *Gerberding v. State, supra*, 433 S.W.2d at 824–825, and *Garrett v. State*, 459 S.W.2d 378, 382 (Mo.1970), with reference to the validity of prior convictions used to apply the second offender act and that is appropriate here.

On remand the evidentiary hearing should be afforded with respect to all issues raised in the motion or in an amended motion.

The judgment of the circuit court is reversed and the cause is remanded for proceedings in conformity with this opinion.

MORGAN, C. J., and DONNELLY, SEILER, SIMEONE, and WELLIVER, JJ., concur.

RENDLEN, J., concurs in result.