**James Wilson CHAMBERS, Plaintiff-Appellant,**

v.

**STATE of Missouri, Defendant-Respondent.**

**No. KCD 30266.**

Missouri Court of Appeals, Western District.

Dec. 31, 1979.

Theodore Guberman, Hillsboro, for plaintiff-appellant.

John Ashcroft, Atty. Gen., Earl W. Brown, III, Kansas City, for defendant-respondent.

Before DIXON, P. J., TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Petitioner James Wilson Chambers has filed a motion under the provisions of Supreme Court Rule 27.26, to set aside a 1975 conviction of assault with intent to kill with malice aforethought. Petitioner was convicted after a jury trial, and was sentenced to 15 years' imprisonment in the Missouri Department of Corrections.

The conviction was affirmed upon appeal to this court. *State v. Chambers*, 550 S.W.2d 846 (Mo.App.1977).

The trial court denied the 27.26 motion and dismissed the same without an evidentiary hearing, on the stated grounds that the motion alleged only trial errors which were, or could have been, asserted upon appeal; and, with respect to other claims, that they were conclusory and not factual. Movant appeals from the order dismissing his motion.

*Mere trial error; abandonment of claims on appeal.*

In his brief in this court, movant concedes that many of the claims in his motion would constitute trial error only, hence beyond the scope of a 27.26 proceeding. Those claims are abandoned.

*Ineffectiveness of counsel in failure to call witnesses.*

Movant says, however, the court erred in dismissing his 27.26 motion without an evidentiary hearing "because the files and records of the case do not conclusively show that movant is entitled to no relief as to his claim of ineffective assistance of counsel in that movant informed counsel of witnesses for the defense and counsel failed to interview and present said witnesses at trial".

In his argument, movant draws our attention to "Claim XIV" which we will set out *in haec verba*:

"Movant was manifestly prejudiced and denied equal protection of the law, in that, movant was denied the testimony of witnesses: Dave Hill, Kevin Dees, Donnie Ryan, Mary G'Sell, when movant advised defense counsel that said persons could testify exculpatorily to the movant, rendering movant's trial to be fundamentally unfair."

Movant then sets out in another section of his motion the "facts, evidence and witnesses" which would support that allegation, in the following terms:

"Movant will call: Dave Hill . . . Kevin Dees . . . Donnie Ryan . . Mary G'Sell . . . Also, movant will call Darlene De Clue . . ., she will testify concerning the events of the night of the shooting. Movant will call Marsha McCarty . . ., Marsha will testify that she was present when the shooting broke out and that she witnessed Kevin Dees being shot."[1]

The failure of counsel to call witnesses who would have established a defense for defendant goes beyond the category of "mere trial error", and if proved would entitle movant to relief by 27.26 motion. *Collins v. State*, 564 S.W.2d 936 (Mo. App.1978); *Thomas v. State*, 516 S.W.2d 761 (Mo.App.1974).

*Particularity of allegation of ineffectiveness of counsel.*

The state argues in its brief that the motion fails to show specifically how the testimony of the witnesses would have aided his cause, and it is too vague to assert any claim for relief.

By strict standards, the motion's allegation of ineffectiveness of counsel for failure to secure the testimony of the named witnesses is certainly conclusory. *Arnold v. State*, 545 S.W.2d 682, 683 (Mo.App.1976). The petition says, however, that certain named witnesses would have testified "exculpatorily" in his behalf; that their names and addresses were furnished to his trial counsel; and that he was "denied" the testimony of these witnesses. The allegation, of course, leaves many gaps and unanswered questions, but under *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979) (decided, it should be pointed out, after the trial court's ruling which is now under review), it is sufficiently factual to withstand dismissal on that ground. In *Seales*, the motion as-

serted that movant's trial counsel was ineffective in that he failed to subpoena two named witnesses who the movant said would have testified that he was "not the party responsible" for the death of the person he was accused of killing. Our Supreme Court said:

"We believe the allegations made by the movant in the motion were sufficiently factual in nature to have warranted a hearing on the motion. It may very well be that the state could have required the movant to state the matter with more particularity; however, insofar as the motion to dismiss is concerned, we believe the motion was sufficient to have required the overruling of the motion to dismiss and to hold an evidentiary hearing . . . The trial court erred in failing to hold an evidentiary hearing in the matter and for that reason the cause must be reversed and remanded for an evidentiary hearing on movant's 27.26 motion which may, of course, be amended." 580 S.W.2d at 734.[2]

*Seales* is applicable only prospectively from April 25, 1979, as to the standard therein adopted to be applied to determine effectiveness of counsel, but the case is not so limited and is general authority for the proposition for which we have cited it.

*Conclusion.*

The judgment of the trial court is reversed and the case is remanded for further proceeding consistent with this opinion, and with *Seales v. State, supra*.[3]

All concur.

---

1. Included in the motion are the addresses of the witnesses, and the telephone numbers of some of them, but we have omitted them.

2. *See also Richardson v. State*, 577 S.W.2d 653 (Mo. banc 1979); *Rodgers v. State*, 567 S.W.2d 634, 637 (Mo. banc 1978).

3. All procedures for more definite statements and for discovery are available to the state, which will more sharply define movant's claims and what he expects to prove. In some cases, where the movant's claims are shown by these means to be obviously and clearly without merit, summary judgment might be indicated. Our remand for an "evidentiary hearing" does not rule out that possibility in a proper case.