Cloyd S. RICHARDSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 42810.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 26, 1981,

Robert C. Babione, Public Defender, Mary K. Wefelmeyer, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Nancy D. Kelley, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal by Cloyd Samuel Richardson from the trial court's judgment denying his Rule 27.26 motion. He contends the trial court erred in holding the use of twelve prior convictions for impeachment during his jury trial was not error. We affirm.

The background of this case is as follows. On February 11, 1972, defendant was convicted by a jury of first degree murder; he was sentenced to death on March 24, 1972. The Supreme Court of Missouri affirmed this conviction on appeal but reduced his

sentence to life imprisonment. *See State v. Richardson*, 515 S.W.2d 557 (Mo. banc 1974).

On March 24, 1976, defendant filed a pro se 27.26 motion seeking to vacate his judgment. Among his grounds for relief was an assertion that his testimony had been improperly impeached at trial by thirteen prior convictions obtained without representation of counsel. On February 3, 1977, the trial court dismissed the 27.26 motion without an evidentiary hearing. Defendant appealed this order. On March 13, 1979, the Supreme Court reversed and remanded the case for an evidentiary hearing. *Richardson v. State*, 577 S.W.2d 653 (Mo. banc 1979).

The evidentiary hearing was held on June 14, 1979. At that time, defendant was present and testified concerning his recollection of the thirteen prior convictions that were used to impeach him at trial. Defendant testified that to the best of his recollection he had not been represented by counsel in March, 1960, in Palm Beach, Florida on a grand larceny charge for which he was sentenced to six months confinement. He also testified that he thought he was not represented by counsel on February 1, 1963, in the Superior Court of South Carolina when he pleaded guilty to eleven counts of forgery and was subsequently sentenced to four years. Finally, defendant testified he had not been represented by counsel on March 10, 1968, in Mecklenburg, North Carolina on a charge of fraudulent use of a credit device to which he was sentenced to one year in prison. Defendant stated that in all of these situations he had not been advised that he had a right to an attorney, that one would be appointed to represent him if he couldn't afford one, and that he couldn't have afforded an attorney at any of these times due to indigency. He claimed that at no time did he waive his right to counsel.

On September 21, 1979, another evidentiary hearing was held, at which time defendant introduced into evidence the certified record of his conviction for grand larceny on April 19, 1960 in Palm Beach, Florida which reflected that the defendant was present without counsel; his conviction on 11 counts of forgery in Chesterfield, South Carolina on February 1, 1963, which reflected that defendant was not represented by counsel. The state introduced into evidence the certified record of defendant's conviction for fraudulent use of a credit device in North Carolina on March 10, 1968 which reflected he was represented by court appointed counsel. On March 13, 1980 his 27.26 motion was denied. The trial court in its findings of fact and conclusions of law held defendant was represented by counsel in the 1963 South Carolina conviction; that defendant had waived any error in connection with the convictions for 11 counts of forgery by introducing them into evidence himself. As to the Florida conviction, the trial court held that introduction of this invalid non-violent prior conviction constituted harmless error beyond a reasonable doubt.

■ Appellate review of a 27.26 action to vacate judgment and sentence is limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. *Jones v. State*, 598 S.W.2d 595 (Mo.App. 1980). Defendant does not contest the trial court's finding that he was represented by counsel for the March, 1968 conviction in North Carolina. After a careful review of the record, we cannot say that the judgment of the trial court as to impeachment by the 12 other convictions is clearly erroneous.

■ In *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), the United States Supreme Court held that a conviction obtained without benefit of counsel could not be used against a defendant for impeachment purposes. Clearly impeachment of defendant by the April, 1960 and February, 1963 convictions was error. However, as to the later conviction (11 count conviction for forgery) the record reflects the defendant on direct examination introduced the evidence of these convictions into the record. It is axiomatic that a defendant may not take advantage of self-invited error or error of his own making. *State v. Tsiboukas*, 584 S.W.2d 438 (Mo. App. 1979).

We now address our attention to the one conviction in March 1960, of grand larceny in Palm Beach, Florida. Even though impeachment by the Florida conviction was error, it may be harmless error if after a review of the facts and circumstances, the court determines that no manifest injustice occurred and that the error is harmless beyond a reasonable doubt. *Chapman v. California*, 386 U. S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The use of invalid prior convictions is harmless where the evidence against a defendant is strong, and where in addition to invalid, valid convictions are used. *Gilday v. Scafati*, 428 F.2d 1027 (1st Cir. 1970); *Garrett v. State*, 459 S.W.2d 378 (Mo.1970).

In the case at bar the state's evidence supporting conviction was overwhelming. The key evidence consisted of the accused's own video-taped voluntary confession. *State v. Richardson*, 515 S.W.2d 557, 559–60 (Mo. banc 1974). In addition Richardson's stepson testified that the day after the murder, Richardson told him he had shot two people; he also described events before and after the crime, testimony that was corroborated by at least six other witnesses. Finally, the prosecution introduced evidence that Richardson's prior criminal record was extensive. In addition to the prior convictions giving rise to this appeal, the appellant admitted to seven prior convictions in which he did not claim that he was denied his right to counsel: 1) a 1957 conviction of unauthorized use of an automobile in the District of Columbia; 2) a 1960 conviction for forgery, also in the District of Columbia; 3) a 1963 North Carolina conviction for transporting a stolen automobile in interstate commerce; 4) a conviction for attempted burglary in Missouri in 1966; 5) a 1968 misdemeanor charge for larceny of less than $200 in North Carolina; 6) escape, 1968 in North Carolina and 7) a 1968 Georgia conviction for transporting a stolen auto in interstate commerce. In determining the weight of this evidence, it is noteworthy that five of these seven were felony convictions.

In light of the substantial strength of the state's case, and the other valid prior convictions, we believe beyond a reasonable doubt, that the error is harmless and that no manifest injustice occurred.

Affirmed.

WEIER and GUNN, JJ., concur.