James Wilson CHAMBERS,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 43481.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 6, 1981.

Theodore Guberman, Public Defender, Hillsboro, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

Movant appeals from the trial court's denial, after an evidentiary hearing, of his Rule 27.26 motion to vacate his conviction of assault with intent to kill, § 559.180, RSMo 1969. His appeal charges he was entitled to post-conviction relief because his criminal defense counsel was ineffective for failing to interview and call witnesses at trial who would support movant's claim of self-defense. The trial court's judgment is affirmed.

After hearing the evidence the trial court questioned the credibility of two of movant's four witnesses and of movant himself, and concluded that movant was not denied effective assistance of counsel. The trial court also ruled that the other points raised by movant were challenges to procedural and evidentiary issues raised and decided on direct appeal and thus not cognizable in a Rule 27.26 proceeding.

█ Appellate review of this denial of a Rule 27.26 motion is limited to a determination of whether the trial court's findings, conclusions and judgment are clearly erroneous. Rule 27.26(j); *Owens v. State*, 610 S.W.2d 706, 707[1, 2] (Mo.App.1981). Movant is charged with the burden of proving his grounds for relief by a preponderance of the evidence. Rule 27.26(f); *Vincent v.*

*State*, 607 S.W.2d 815, 815[1] (Mo.App.1980). An appellate court also defers to the trial court's assessment of the credibility of witnesses. *Vincent v. State, supra* at 816[3]; *see Williams v. State*, 605 S.W.2d 222, 224[2, 3] (Mo.App.1980). A thorough study of the transcript and the parties' briefs directs a finding that the trial court's conclusions and judgment in movant's case are not clearly erroneous.

An extended opinion would have no precedential value. The judgment is affirmed in compliance with Rule 84.16(b).

CRIST, P. J., and REINHARD, J., concur.