**James Wilson CHAMBERS, Petitioner,**

v.

**Donald W. WYRICK, Warden,
Respondent.**

**No. 81–0642–CV–W–1.**

United States District Court,
W. D. Missouri, W. D.

Feb. 12, 1982.

---

James Wilson Chambers, pro se.

John Ashcroft, Atty. Gen. of Missouri, Nancy Kelley Baker, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM OPINION AND ORDER

JOHN W. OLIVER, Senior District Judge.

This State prisoner habeas corpus action pursuant to 28 U.S.C. § 2254 was transferred to the Western District of Missouri on July 30, 1981. The factual circumstances of the offense and proceedings at trial are accurately stated by the Missouri Court of Appeals, Kansas City District, in its opinion affirming petitioner's conviction on direct appeal in *State v. Chambers*, 550 S.W.2d 846, 847 (Mo.App.1977). That court reliably found that "about half past midnight on January 1, 1974 a melee occurred in front of the V.F.W. Hall located approximately one-half mile north of Antonio, Missouri, while a public dance was in progress. Roger Griffin, the victim, who was attending the dance, left the hall and went outside to see what was going on. As he approached the melee he suggested that, "everybody go inside and listen to the band." Whereupon, the defendant grabbed him around the neck, placed a revolver in his stomach, and shot him twice. As the victim staggered backwards, defendant shot him a third time in the stomach. The victim, obviously a person of hardy stock, survived."

After conviction and an unsuccessful direct appeal, petitioner filed a Rule 27.26 motion for collateral relief which was denied without an evidentiary hearing. That action on the part of the State trial court was reversed by the Missouri Court of Appeals in *Chambers v. State*, 592 S.W.2d 542 (Mo.App.1979). In his brief filed in that case, the petitioner conceded that many of the claims he raised "would constitute trial error only" and thus were not subject to attack in a collateral 27.26 proceeding. The ground for reversal of the trial court's action in dismissing the motion without a hearing was petitioner's claim XIV, which alleged ineffective assistance of counsel due to counsel's failure to call six witnesses, Dave Hill, Kevin Dees, Donnie Ryan, Mary G'Sell, Darlene DeCluge, and Marsha McCarthy, who allegedly would have established a defense for defendant. The Missouri Court of Appeals correctly concluded that such a claim, if proven, would go beyond "mere trial error" and that petitioner was thus entitled to an evidentiary hearing. 592 S.W.2d at 544.

The Missouri Court of Appeals also accurately noted that the Supreme Court of Missouri, in *Seales v. State*, 580 S.W.2d 733 (Mo.banc 1979), had rejected the "farce and mockery" standard formerly applied in Missouri and had adopted the Eighth Circuit ineffective assistance of counsel standard.

After remand, petitioner consented to a change of venue[1] and a full evidentiary hearing on the Rule 27.26 motion, at which petitioner was represented by counsel, was conducted in Jefferson County Circuit Court on July 1, 1980. Though initially indicating that only the ineffective assistance claim would be considered in the Rule 27.26 proceeding, the State trial judge subsequently reinstated and considered all twenty-one grounds raised by movant in his original 27.26 motion. The State trial court ruled that all claims except that of ineffective assistance were either attempts to challenge procedural errors in the trial of his case or in the earlier Rule 27.26 proceeding and concluded that all such claims were without merit.[2] After reviewing all evidence adduced at the hearing, the trial judge denied the 27.26 motion in a written opinion in which he fully set forth findings of fact and conclusions of law.

Petitioner then appealed the denial of his Rule 27.26 motion. The Missouri Court of Appeals affirmed the trial court in *Chambers v. State of Missouri*, 623 S.W.2d 76 (Mo.App.1981), pursuant to Rule 84.16(b), Mo.R.Civ.P., which provides for affirmance without an extended opinion when an opinion would have no precedential value. Petitioner then filed this federal habeas corpus action.

In his federal habeas petition, petitioner reiterates his claim that he received ineffective assistance of counsel at trial. Basically, petitioner alleges as he did before the State court that his trial counsel failed to adequately investigate and interview witnesses favorable to the defense, and failed to call witnesses at trial who could allegedly support defendant's claim of self-defense. The witnesses named in petitioner's State 27.26 motion, filed in August, 1977, which he incorporated in his federal petition, were: Dave Hill, Kevin Dees, Mary G'Sell, Darlene DeCluge, and Marsha McCarthy. At the State hearing counsel representing petitioner in the Rule 27.26 proceeding indicated that the names of Frank Buskuehl, Eddie G'Sell, Virginia Peters, and Donnie Ryan had also been given to him by petitioner.

Counsel advised the State trial court that Eddie G'Sell had in fact testified for the defense at trial, that Mr. Buskuehl had been incarcerated at the time of the assault for which defendant was convicted and could not have been present at the time the offense was allegedly committed. Petitioner properly withdrew those persons as possible witnesses at the Rule 27.26 hearing. Three additional persons, Virginia Peters, Marsha McCarthy and Kevin Dees, who petitioner suggested might have been called as witnesses, could not be located. Counsel and petitioner determined not to call Donnie Ryan. The remaining witnesses, Dave Hill, Mary G'Sell Hollis, and Darlene DeCluge testified for petitioner at the hearing.

■ We are required in this federal habeas proceeding pursuant to 28 U.S.C. § 2254 to presume that the factual findings of the State trial court made after a hearing on the merits are correct unless certain circumstances set forth in § 2254(d), which are not present herein, are established. 28 U.S.C. § 2254(d). *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). We conclude after reviewing the entire record that the facts were reliably found by the State trial court after a full and fair evidentiary hearing. We therefore must and do accept the facts as found in the opinion of the State trial judge.

---

1. There is no merit in petitioner's contention that the particular State trial court was without jurisdiction because of the change of venue in the case. Petitioner consented to the change of venue and the State trial court obviously had subject matter jurisdiction of all the State court proceedings conducted in this case.

2. We have examined all claims asserted by petitioner and find and conclude that the State trial court properly concluded that only petitioner's ineffective assistance of counsel claim raises a federal constitutional question.

### I. *Findings of Fact*

We attach as Appendix I the factual summary of the hearing testimony made by the State court at pages 3–10 of its decision. The State trial judge then made the following findings of fact at pages ten through eleven of his decision which we adopt herein:

1. Mr. Franke spent considerable time preparing for trial and did confer at length with the Movant and did work diligently in developing witnesses that could be of assistance at trial.

2. Movant falsely claimed to have told his counsel of two witnesses he wanted called at his trial whose names he did not give to his appointed counsel, to-wit: Marsha McCarthy and Darlene DeCluge.

3. Mary Ann G'Sell did testify as indicated in the summary of evidence in these findings of fact. (See Appendix I) Her testimony at Movant's trial would have added no new evidence and would not aid Movant in his claim that the victim, Mr. Griffin, had a shotgun.

4. The testimony of Darlene DeCluge at this 27.26 hearing shows she had no knowledge or recollection of the victim or anyone having a shotgun.

5. The testimony of witness Hill who was identified by Movant and by defense counsel's notes as David Hill, but who identified him at this 27.26 hearing as William Hill, confirms Mr. Franke's position that Mr. Hill was of no assistance and could not help them in presenting any evidence to the jury to indicate that the victim had a shotgun.

6. There is no testimony by any witness on behalf of Movant or by Movant himself as to what specific evidence the uncalled witness, Marsha McCarthy, would testify about if she had been called at the trial or at this 27.26 hearing.

7. Any failure on [sic] Marsha McCarthy failing to be available for trial is a result of Movant not giving any of his Defense Counsel Marsha McCarthy's name or enough information so that she could be further identified and contacted.

8. There were no witnesses available who would testify that the victim had a shotgun as now claimed by Movant.

9. The testimony of Mary Ann G'Sell Hollis and Darlene DeCluge, who testified at the 27.26 hearing, would not have been of any assistance in presenting a defense for Movant and the Court further makes the observation that the testimony of these two witnesses appeared to be similar to such an unusual extent that the Court questions the believability of their statements concerning events that took place more than five years ago.

We find and conclude that the State trial court reliably found that Mr. Franke adequately represented the petitioner, that he spent an appropriate amount of time interviewing witnesses and preparing for trial and that he worked diligently in developing witnesses who might have been of assistance in presenting the defendant's case. The Rule 27.26 record supports the State trial judge's findings that none of the witnesses called offered any evidence which would have enhanced defendant's claim of self-defense.

### II. *Conclusions of Law*

In concluding that the facts established that petitioner's counsel had rendered effective assistance, Judge Whipple relied on *Barker v. State*, 505 S.W.2d 448 (Mo. App.1974). That case and other cases cited by Judge Whipple articulate the old "fair trial" standard utilized in Missouri prior to the adoption in *Seales, supra,* of the Eighth Circuit standard for ineffective assistance of counsel.[3] However, it is obvious that application of the Eighth Circuit rule in this factual context would yield the same result. The Missouri Court of Appeals, Eastern Division, however, which affirmed Judge Whipple's decision properly noted and ap-

---

**3.** Under the current Eighth Circuit rule, adopted by the Supreme Court of Missouri in *Seales*, a defendant, in order to prevail on an ineffective assistance of counsel claim, must show (1) that his attorney failed to exercise the custom- ary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) that he was prejudiced thereby. *E.g., United States v. Bad Cob,* 560 F.2d 877, 770 (8th Cir. 1974).

plied the federal standard enunciated in *Seales* which adopted the Eighth Circuit rule. Because we agree with the State courts' conclusion that petitioner was in fact rendered effective assistance by counsel, there is no need to examine the second prong of the Eighth Circuit rule to determine if defendant was prejudiced by counsel's actions.

Accordingly, and for the reasons stated, it is

ORDERED that the petition for a writ of habeas corpus should be and hereby is denied.