**STATE of Missouri, Respondent,**

v.

**John KELLY, Appellant.**

No. 48553.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 22, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Application to Transfer Denied
May 29, 1985.

Debra Buie Arnold, St. Louis, for appellant.

Michael H. Finkelstein, Jefferson City, for respondent.

CLEMENS, Senior Judge.

Indicted for raping his eleven-year-old foster daughter, a jury found defendant guilty. The trial court sentenced him to 15 years in prison.

The victim had promptly reported the assault to her mother who took her to a hospital. There medical examination showed the girl had been "traumatically sexually abused". Defendant testified, denying the rape.

Here defendant claims reversible error in the trial court's overruling his objection to the state's closing jury argument.

The prosecutor had not mentioned the victim's six-year-old sister in the opening segment of the state's closing argument. Defendant now contends the state in its closing argument drew an adverse inference from defendant's failure to call named witnesses who, defendant contends, were equally available to the state.

The state responds its now challenged argument was retaliatory—in response to a subject first brought up in defendant's preceding closing argument. We recite the essence of the two arguments.

In the opening part of its jury argument the prosecutor had made no comment about the six endorsed but non-testifying witnesses. Then in defendant's jury argument his counsel broached the subject, saying:

"I expect [the prosecutor] ... to spend considerable time arguing about witnesses that should have been called, (naming six). The prosecutor could have called any one of those witnesses.... Why didn't she bring in (victim's six-year-old sister who slept in the adjoining bed) to tell you? (She) is supposedly, if you believe [the victim], she was being sexually assaulted on this bed every day and her sister was in the bed next to her. Why didn't [the prosecutor] call her in to tell you what she had to say? The prosecutor has the burden of proof and could have brought that child in."

To this the state responded:

"... [Defense counsel] could have brought her (victim's sister) in for that matter. If [defendant] knows this didn't happen and that his daughter was in the bed next to it when it was going on, and didn't hear it, why didn't [defense counsel] subpoena the child and bring the child in? [Defense counsel] has the right to subpoena anyone into court, including (the kid sister). If she thought the child could qualify and could say something to support his testimony. So don't let that be a false issue in this case."

Thus the record shows the state's now-challenged argument was in response to the prior defense argument. A defendant may not take advantage of self-invited error nor complain about matters he himself brings into the case. *State v. Miller*, 593 S.W.2d 898 (Mo.App.1980); *Richardson v. State*, 617 S.W.2d 76[2–4] (Mo.App. 1981).

Further, as here, a defendant may not provoke a reply to his own argument

and then claim error. *State v. Kirksey*, 528 S.W.2d 536[8–10] (Mo.App.1975). And, trial courts have discretion in permitting retaliatory arguments and refusing mistrials based thereon. *State v. Rainwater*, 602 S.W.2d 233[8–10] (Mo.App.1980).

Affirmed.

CRIST, P.J., and CRANDALL, J., concur.